[Cite as *Tenhundfeld v. Michelle's Bar L.L.C.*, 2013-Ohio-1198.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TOMMY TENHUNDFELD, | : | APPEAL NO. C-120519 |
| | | TRIAL NO. A-1001350 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| MICHELLE'S BAR LLC, d.b.a. RJ's BAR & GRILL, | : | |
| | : | |
| RYAN BOTT, | : | |
| and | : | |
| JEROMY BOOTH, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| COREY MANN, | : | |
| and | : | |
| JAMES MANN, | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 29, 2013

*Eric C. Deters & Partners, P.S.C., Eric C. Deters* and *James Moore*, for Plaintiff-Appellant,

*Schroeder, Maundrell, Barbiere & Powers, Robert S. Hiller* and *Lawrence E. Barbiere*, for Defendants-Appellees.

Note: we have removed this case from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     After being injured in a fight, Tommy Tenhundfeld filed suit against his assailants, the bar where his assailants had been drinking and two bartenders.   The trial court entered summary judgment in favor of the bar and the bartenders.   We affirm the summary judgment because Mr. Tenhundfeld did not present evidence that would allow for liability under Ohio's dram shop statute, R.C. 4399.18:  specifically, he failed to show that the fight occurred on the premises or parking lot of the bar or that his assailants had been served alcohol at the bar while "noticeably intoxicated."

{¶2}     Defendants-appellees Ryan Bott and Jeromy Booth were owners of defendant-appellee Michelle's Bar LLC, d.b.a. RJ's Bar and Grill ("RJ's") and were tending bar the night of October 23, 2009.  Defendant Corey Mann and his son James Mann were drinking at the bar as was Mr. Tenhundfeld.  Apparently, at some point, Corey Mann bought shots for himself and Mr. Tenhundfeld.   At the end of the evening, Corey Mann insisted that Mr. Tenhundfeld reciprocate and buy him a drink.   Mr. Tenhundfeld refused, closed out his tab, and left the bar with his friend, Ashley Peters.  As Mr. Tenhundfeld tells it, Corey Mann tried to tackle him after he got outside.  He was able to subdue Corey Mann and continued to walk in the direction of Ms. Peters's car.  James Mann then charged Mr. Tenhundfeld and punched and kicked him until he lost consciousness.

{¶3}     R.C. 4399.18 provides that a liquor permit holder and its employees may be liable in negligence for personal injury caused by an intoxicated person when the injury occurs on the permit holder's premises or in a parking lot under the permit holder's control.  Where the injury occurs off the premises or parking lot, the permit holder and its employees only may be held liable if it is shown that the permit holder or an employee knowingly served a "noticeably intoxicated person."

{¶4} Here, Mr. Tenhundfeld presented no evidence that the fight that caused his injuries occurred on RJ's premises or in a parking lot under RJ's control. Rather, he and Ms. Peters both stated during their depositions that the dispute between Mr. Tenhundfeld and Corey Mann began in the bar, but that the physical contact occurred outside the bar.

{¶5} Because the fight occurred off the bar's premises or parking lot, Mr. Tenhundfeld could succeed on his dram shop claim against RJ's, Mr. Bott, and Mr. Booth only if he demonstrated that James or Corey Mann had been served an intoxicating beverage while noticeably intoxicated, and that such intoxication had proximately caused Mr. Tenhundfeld's injury.

{¶6} In their affidavits, Messrs. Bott and Booth both stated that they did not remember serving either of the Manns and that the Manns did not appear noticeably intoxicated while at RJ's. Mr. Tenhundfeld contends that the statements of the bartenders are self-serving and ought not be credited by the court. But the statements, though self-serving, are unchallenged by evidence put forth by Mr. Tenhundfeld. In his deposition, Mr. Tenhundfeld said that he only had seen Corey Mann drink the one shot they consumed together. He could not recall seeing James Mann served at the bar. Nor could he say that either of the Manns was noticeably intoxicated while in the bar. Similarly, Ms. Peters could not recall seeing either of the Manns drinking at the bar or state that the Manns had been noticeably intoxicated while in the bar.

{¶7} Mr. Tenhundfeld argues that there was circumstantial evidence of the Manns' intoxication—their presence in a bar and their instigation of a fight. But that evidence alone is not sufficient to create a question of fact about whether Mr. Bott or Mr. Booth served either of them while "noticeably intoxicated." We conclude that RJs, Mr.

Bott, and Mr. Booth were entitled to judgment as a matter of law. The sole assignment of error is overruled, and we affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.